[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13105
Non-Argument Calendar

_____

D. C. Docket No. 01-00077-CR-J-24HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY SHANE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 11, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Roy Jackson appeals his 18-month term of imprisonment imposed

by the district court based upon its finding that Jackson violated his supervised release for drug-related conduct. This was the second revocation of Jackson's supervised release.

On appeal, Jackson argues that the district court's sentence was excessive and unreasonable. Specifically, he contends that the district court abused its discretion in imposing an upward variance because it based the variance upon a ground already taken into consideration by the guidelines, namely, his past supervised release violations and criminal history. He argues that the district court substituted its own judgment for that of the Sentencing Commission and Congress in determining the proper weight to be afforded to his criminal history. Further, he argues that the district court did not find that his criminal history was underrepresented, and, therefore, it was required to follow the criminal history range provided by the Guidelines. In addition, Jackson argues that if we determine that his counsel failed to preserve this issue for appellate review, then he received ineffective assistance of counsel because he would win on appeal if the issue had been preserved.

After *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005), we review a federal sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07

(11th Cir. 2006). The party challenging the sentence bears the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The Supreme Court in *Gall v. United States*, clarified that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." __ U.S. __, __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007) (in the context of an initial sentencing appeal). With respect to sentences imposed outside the applicable guideline range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance," but extraordinary circumstances are not required to justify such a sentence. *Id.* at 595, 597. The appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 597. Similarly, we review for abuse of discretion a district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of

3

imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)."

*Sweeting*, 437 F.3d at 1107; *see* 18 U.S.C. § 3583(e)(3). Under § 3583(e), the relevant § 3553(a) factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for deterrence, (3) the need to protect the public, (4) the need to provide the defendant with educational or vocational training or medical care, (5) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission, (6) the need to avoid unwanted sentencing disparities, and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7); *see* 18 U.S.C. § 3583(e).

We have held that because the Chapter 7 Guidelines are advisory, "it is enough that there is some indication the district court was aware of and considered them." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). The applicable guideline range for committing a Grade C violation of supervised release is 3-9 months' imprisonment for defendants with a category I criminal history. U.S.S.G. § 7B1.4(a). Under § 3583(e)(3), 24 months' imprisonment is the statutory maximum sentence for a Grade C violation giving rise to the revocation of supervised release. 18 U.S.C. § 3583(e)(3). A Grade C violation is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of

4

supervision." U.S.S.G. § 7B1.1(a)(3).

After reviewing the record and reading the parties' briefs, we conclude that Jackson's argument is without merit because his challenge relies upon the incorrect assertion that the district court varied upward from the guidelines range based upon a factor that was accounted for in the guidelines calculation. Jackson's guidelines range was based upon his initial criminal history category of I and the nature of the instant violation. Accordingly, because the record clearly demonstrates that the district court did not abuse its discretion in varying upward based upon Jackson's continued inability to abide by the terms of his supervised release, we affirm Jackson's sentence.

**AFFIRMED.**